UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION** at **LONDON**

| | | |
|---|---|---|
| MICHAEL DEAN, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil No. 6:18-cv-296-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, Commissioner | ) | **ORDER** |
| of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

On March 5, 2019, the Court entered an order providing that no later than March 19, 2020, Plaintiff Michael Dean should show good cause why this case should not be dismissed for failure to prosecute. [DE 13]. At present, Dean has failed to respond to the Court's Show Cause Order [DE 13], and the time for a response has passed.

Dismissal of this action is justified because Dean's failure to comply with the Court's Show Cause Order [DE 13] demonstrates a disregard for the Court's orders and instructions and indicates Dean is no longer interested in diligently prosecuting this case, as does Dean's failure to move for either summary judgment or judgment on the pleadings prior to the Court's Show Cause Order [DE 13]. As a result, this action is **DISMISSED WITHOUT PREJUDICE.**

## I. PROCEDURAL HISTORY

On November 20, 2018, Dean, proceeding *pro se* and *in forma pauperis*, brought this action asking the Court to reverse Defendant's decision to deny Dean's application for disability benefits. [DE 2]; *see also* [DE 1; DE 5]. On January 30, 2019, Defendant filed its Answer [DE 11] to Plaintiff's Complaint [DE 2] and attached a copy of the Administrative Transcript [DE 11-1]. That same day, the Clerk of Court, as it does in all social security actions, entered the Court's Standing Scheduling Order [DE 12], which included the following: "Once the defendant has filed an answer and a certified copy of the transcript of the administrative record, the plaintiff must move for summary judgment or judgment on the pleadings within sixty (60) days." [DE 12, at 2]. Since Defendant filed its Answer [DE 11] and Administrative Transcript [DE 11-1], more than sixty (60) days have passed, and Plaintiff has failed to move for either summary judgment or judgment on the pleadings. On March 5, 2020, the Court entered the previously mentioned Show Cause Order [DE 13], and Dean has failed to respond as directed. Thus, this action is ripe for review.

## II. ANALYSIS

Both Dean's failure to respond to the Court's Show Cause Order [DE 13] and failure to move for either summary judgment or judgment on the pleadings indicate Dean has failed to diligently prosecute

2

this matter and suggests Dean is not interested in diligently litigating this action going forward.

Federal Rule of Civil procedure 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citing Fed. R. Civ. P. 41(b)). The Court of Appeals for the Sixth Circuit has held that district courts must be given substantial discretion in docket management and avoidance of unnecessary burdens on tax-supported courts and opposing parties. *Id.* at 363 (citing *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

The following four factors are to be considered when determining whether an action should be dismissed for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). The relevant factors are considered below.

## A. DEAN'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND INSTRUCTIONS IS DUE TO FAULT

Considering Dean is proceeding *pro se*, the Court hesitates to impute willfulness or bad faith on the part of his failure to respond, but there is a clear indication that the failure to prosecute in this matter is due to the fault of Dean.

First, Dean failed to move for either summary judgment or judgment on the pleadings within sixty (60) days of Defendant filing its Answer [DE 11] and Administrative Transcript [DE 11-1], which is contrary to the Court's Standing Scheduling Order [DE 12].

Second, Dean disregarded the Court's Show Cause Order [DE 13]. There is no indication that Dean did not receive the Court's Standing Scheduling Order [DE 12] and Show Cause Order [DE 13], and if for some reason Dean no longer lives at the address he originally provided, it is his duty as a *pro se* litigant to "provide written notice of a change of residential address, and if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel." [DE 8]. Moreover, the Show Cause Order [DE 13] stated, "Failure to show good cause may result in dismissal of this action without further notice." Finally, no apparent good cause exists for Dean's failure to respond to the Court's Show Cause Order [DE 13].

In sum, Dean's failure to comply with the Court's Standing Scheduling Order [DE 12] and Show Cause Order [DE 13] is due to the fault of Dean. As a result, the first factor weighs in favor of dismissal.

### B. THERE IS A CLEAR INDICATION OF PREJUDICE TO DEFENDANT

There is an apparent indication that Dean's failure to prosecute directly prejudices Defendant. Civil litigation can be time consuming and stressful, even when an action is just pending. It is even more time consuming in Social Security cases, such as that which is presently before the Court, where the defendant must compile and produce an extensive administrative transcript. Here, when Defendant filed its Answer [DE 11], it did just that. *See* [DE 11-1]. Specifically, Defendant filed a 405-page Administrative Transcript [DE 11-1]. Put simply, Defendant has proceeded diligently throughout this matter, and Dean has done nothing but waste Defendant's time and resources. Since there is a clear indication that Dean's failure to prosecute has prejudiced Defendant, the second factor also weighs in favor of dismissal.

### C. DEAN WAS WARNED THAT FAILURE TO COMPLY WITH THE COURT'S ORDER MAY RESULT IN DISMISSAL

The Court warned Dean that failure to show good cause may result in dismissal without further notice. [DE 13, at 2]. Still, even considering that warning, Dean failed to respond to the Show Cause Order [DE 13]. The third factor weighs in favor of dismissal.

5

**D. THE COURT ATTEMPTED TO EMPLOY LESS DRASTIC MEASURES**

Finally, the Court gave Dean two (2) weeks to show good cause why this case should not be dismissed for failure to prosecute, and he did nothing. This was an attempt to employ less drastic measures prior to dismissing this case. As a result, the fourth factor weighs in favor of dismissal.

**III. CONCLUSION**

Ultimately, while the Court is aware that dismissal under Rule 41(b) is a harsh sanction, all four of the requisite factors weigh in favor of dismissal of this action. Both Dean's failure to file either a motion for summary judgment or motion for judgment on the pleadings within sixty (60) days of Defendant filing its Answer [DE 11] and Administrative Transcript [DE 11-1] and subsequent failure to comply with the Court's Show Cause Order [DE 13] justify dismissing this action. Taking into consideration the fact that Dean is proceeding *pro se*, the Court will not dismiss this matter with prejudice. However, the Court cautions Dean that if he brings a similar action in the future and proceeds as he has in the present action, whether it be before the undersigned or another judge, he may not be granted such lenity. Neither the Court nor the Social Security Administration has the resources to devote time to cases that are not zealously pursued, and Dean being a *pro se* litigant does not mean the Court will wait around for him to determine he cares about his case again. Accordingly, the Court,

having considered this matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Pursuant to Rule 41(b), and due to Plaintiff Michael Dean's failure to prosecute, this matter is **DISMISSED WITHOUT PREJUDICE**; and

(2) The Clerk of the Court shall **STRIKE THIS MATTER FROM THE COURT'S ACTIVE DOCKET.**

This 23rd day of March, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge